IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CANDY KAY CARPENTER**<br>*Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | CASE NUMBER 6:18-cv-00359 |
| **UNITED STATES OF AMERICA**<br>*Defendant* | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, CANDY KAY CARPENTER, hereby complains of the United States of America ("Defendant"), and would respectfully show the Court the following:

### I. PARTIES, JURISDICTION, SERVICE OF PROCESS AND VENUE

1.1     This is a case arising out of bodily injuries caused by United States Army agents and/or employees.

1.2     Plaintiff, CANDY KAY CARPENTER, resides in Kempner, Texas, part of Lampasas County, which is within the jurisdiction of this Court.

1.3     The Defendant is the United States of America.

1.4     This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5     The United States of America may be served with process in accordance with Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure by sending via registered or certified mail, a copy of the Summons and Plaintiff's Original Complaint on the civil process clerk at the United States attorney's office, 'Ms. Stephanie Rico, Civil Process Clerk, office of the United States Attorney for the Western District of Texas, 601 N. W. Loop 410, Suite 600, San Antonio, Texas 78216-5597.

1.6     Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), and 28 U.S.C. § 1402(b) as the United States is a Defendant and Plaintiff resides in this district and has his domicile in this District. Furthermore, venue is proper in this District pursuant to 28 U.S.C. § 1391(e), and 28 U.S.C. § 1402(b), as the United States is a Defendant and the acts or omissions of its officers, employees or agents giving rise to the claim occurred in this District.

## II. LIABILITY OF THE UNITED STATES OF AMERICA

2.1     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America working for the United States Army in Fort Hood, Texas, while acting within the scope of their office or employment, under circumstances in which the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## III. JURISDICTIONAL PREREQUISITES

3.1     Plaintiff pleads pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the United States Army. On or about April 06, 2017, Defendant received notice of Plaintiff's administrative tort claims through the Standard Form 95, which is attached hereto as "Exhibit A" and is incorporated herein by this reference.

3.2     Defendant acknowledged Plaintiff's claim by letter, dated April 13, 2017. The Defendant's acknowledgement is attached hereto as "Exhibit B" and is incorporated herein by this

reference.

3.3     Plaintiff amended her pleading based on newly discovered evidence pursuant to 28 U.S.C. § 2675(b) on October 4, 2018. Amended Standard Form 95 is attached hereto as "Exhibit C" and is incorporated herein by this reference.

3.4     Defendant administratively denied Plaintiff's claim by certified letter dated October 29, 2018. Defendant's denial is attached hereto as "Exhibit D" and is incorporated herein by this reference. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV. FACTS

4.1     This action is for monetary damages sustained by the Plaintiff Candy Kay Carpenter as a result of significant personal injuries caused by the negligent acts and omissions of agents and/or employees of the United States Army stationed at Fort Hood. These failures include, but are not limited to, their failure to follow their own safety regulations regarding road guards, their attire, and warning lights; their failure to utilize safety equipment readily available; and their negligent operation of a United States Army M1A2 Abrams Tank.

4.2     Fort Hood, Texas has experienced a rising number of major accidents over the last several years. From 2010 to 2015, accidents involving serious injury, death or significant equipment damage increased nearly 20 percent.

4.3     In order to attempt to limit accidents involving serious injury, death, or significant equipment damage on roadways, the Department of the Army implements a Fort Hood Traffic Code, enforced by the Military Police. These regulations supplement the Texas Traffic Laws enforced on all public access roadways.

4.4     Many of these regulations are specifically in place for Tracked Vehicles, including Tanks. For example, FH 190-5, 3b states, "[w]hen crossing public access (improved) roadways, tracked vehicles will have road guards posted, wearing high visible reflective vests to ensure safe crossing of public roadways." Further, it states "crossing at the bottom of hills or at curves where

visibility and reaction times would be severely limited violates this regulation." Specifically, tracked vehicles are to "[c]ross at points of the road where there is ample time for drivers to observe and react to crossing vehicles (at least 500 feet in either direction)."

4.5     However, some tank crossings still exist on Fort Hood that require crossing a public access roadway at the bottom of a hill or around a curve where visibility and reaction times are severely limited. One specific location where this occurs is Clabber Creek Range Complex, where Tanks drive over a public roadway to get from the firing range to the holding area. That intersection has had "several" incidents involving road guards and vehicles according to an Installation Range Officer at that Complex.

4.6     To try to limit these incidents, bright yellow signs stating, "STOP WHEN FLASHING RED" with two flashing red lights were installed on each side of the crossing.

4.7     On the morning of October 21, 2015, the US Army failed to utilize these signs and lights. It was a particularly dark and cloudy morning. Members of the 12th Cavalry Regiment, 3rd Brigade Combat Team, 1st Cavalry Division, acting within the course and scope of their employment, were driving a M1A2 Abrams Tank from the firing line at Clabber Creek Range back to the holding area. To do so, the Tank had to cross West Range Road, a public roadway with a speed limit of 50 miles per hour.

4.8     Approximately an hour and twenty-nine minutes before sunrise, the nearly 70-ton Tank traveled West on Clabber Creek Tank Trail and began to enter the intersection with West Range Road. At the same time, Plaintiff Candy Kay Carpenter was driving North on West Range Road, her daily route to work. Plaintiff recalls travelling behind another vehicle, whose taillights were visible to her.

4.9     As Plaintiff approached the yellow sign with red lights attached, no lights began to flash to indicate she should stop. She recalls seeing a figure run northbound along the side of the road, with a single green chemical light. This figure did not adorn any reflective material, nor provide adequate warning to stop oncoming traffic. As Plaintiff she approached the intersection, no

operational lights on the Tank were on to warn her that members of the US Army had driven the Tank into the intersection and failed to yield to her vehicle.

4.10 These numerous failures caused Plaintiff Candy Kay Carpenter to collide head first onto the side of M1A1 Tank.

4.11 Mr. Patrick Middleton, who had been travelling ahead of Plaintiff Candy Kay Carpenter, also did not receive any warning about the Tank being in the middle of the road. He collided with the Tank moments before Plaintiff Carpenter.

4.12 The Army has regulations and equipment to prevent this exact type of incident that has occurred, or nearly occurred, frequently at this intersection. Had any member of the US Army walked down the road to flip the electrical switch from 'off' to 'on' on the yellow sign, the flashing red lights would have warned Plaintiff Candy Kay Carpenter to stop well before the intersection. Instead, no one turned the sign's lights on.

4.13 Had any member of the US Army followed FH 190-5, 3b and acted as a road guard wearing a high visible reflective vest, Plaintiff Candy Kay Carpenter would have had a second opportunity to be warned she should stop. Instead, all that occurred was one Private walked no more than 150 feet away from the Tank in his completely camouflaged uniform with a handheld, four-to-six inch glow stick. The distance the Private travelled was well short of the 500-foot minimum requirement. To those driving by, including Plaintiff Candy Kay Carpenter, he simply looked like an early morning runner along the side of the road.

4.14 Had any member of the US Army thought to turn on operational lights on the Tank in the hours before sunrise, Plaintiff Candy Kay Carpenter would have had a third opportunity to at least see the Tank in the middle of the intersection in front of her. Instead, the Tank remained completely unlit in the middle of a road with a 50 mile per hour speed limit on a dark, cloudy morning.

4.15 Had any of these precautions been taken before the Tank entered the intersection and failed to yield the right of way to Plaintiff Candy Kay Carpenter, she would not have suffered

from a combined fracture dislocation of coccyugeal junction, contusions of the abdominal wall, hematoma of the abdomen, bruising and abrasions of the chest wall, lumbar disc bulging muscle spasms, sprain of ligaments, headaches, muscle pain, laceration of the lips and loss of teeth. She would also still have her job. Instead, Plaintiff Carpenter has received significant medical treatment for these injuries and will require around the clock medical care and treatment for the rest of her life.

4.16   As a direct and proximate result of Defendant's negligence, Plaintiff Carpenter has suffered serious, debilitating personal injuries and damages, and will continue to suffer for the rest of her life.

## V. RESPONDEAT SUPERIOR

5.1   The United States Army is an agency of the United States of America. At all times material hereto, all agents, servants, and/or employees of Defendant were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant were acting in furtherance of the duties of their office and/or employment. Therefore, Defendant is responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## VI. EMPLOYMENT AND COURSE AND SCOPE

6.1   At all times material hereto, all persons involved in the supervision and operation of the unused safety equipment, lights, the United States Army M1A2 Abrams Tank, and the area in general were agents, servants, and/or employees of the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VII. NEGLIGENCE

7.1   Defendant, the United States of America, was negligent in one or more of the following respects:

a. Failing to yield the right of way;

b. Failing to provide drivers ample time to observe and react to crossing vehicles;

c. Failing to display operational lights on the Tank during nighttime;

d. Failing to warn oncoming traffic;

e. Failing to post road guards;

f. Failing to wear visible reflective vests;

g. Failing to use flashlights during periods of reduced visibility;

h. Failing to use due caution;

i. Failing to pay adequate attention;

j. Failing to keep a proper lookout; and

k. Blocking the roadway with a tank.

7.2   Each and all of the above stated acts and/or omissions constitute negligence and are a direct and proximate cause of the damages sustained by Plaintiff.

7.3   At all times mentioned herein, the members of the United States Army involved in the incident were working within the course and scope of their employment with the United States Army.

## VIII. DAMAGES

8.1   As a direct and proximate result of the Defendant's negligence, Plaintiff Carpenter has suffered damages from serious and permanent injuries that would not otherwise have occurred. Plaintiff hereby pleads for all damages available under Texas state law, federal law, and equity, including but not limited to, past and future physical pain and suffering; past and future mental anguish; suffering, humiliation and emotional distress; past and future physical impairment; past and future physical disfigurement; past and future loss of income and impairment of earning capacity; past and future interference with her normal and usual activities; past and future household services; past and future reasonable charges for necessary medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies,

attendant care expenses, and other health services; past and future loss of care, comfort, companionship and society; past and future reasonable and necessary expenses incurred for substitute domestic services; and out of pocket expenses.

## IX. PRAYER

9.1     Plaintiff requests that Defendant be cited in terms of law to appear and answer herein; that Plaintiff have judgment against Defendant, for the amount of actual damages, and all other damages under applicable federal and state law to which he is entitled; pre-judgment and post-judgment interest at the applicable legal rates; for all recoverable Court costs incurred in this litigation; and for such other and further relief to which Plaintiff may show herself entitled.

>                    Respectfully submitted,
>
>                    TED SMITH LAW GROUP, PLLC.
>                    660 W. FM 2410
>                    Harker Heights, Texas  76548
>                    (254) 526-5688
>                    (254) 526-5685  FAX
>
> BY: _/s/ Bobby Coats_
>                    Bobby Coats
>                    Attorney-in-Charge
>                    Texas State Bar No. 24031956
>                    bobby@tedsmithlawgroup.com
>                    ATTORNEY FOR PLAINTIFF

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**
STAFF JUDGE ADVOCATE
IMSW-HOD-CL (CLAIMS)
1001 761st TANK BATTALION AVENUE
FORT HOOD, TEXAS 76544-5008

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**
Candy M Carpenter
10833 F.M. 2657
Kempner, TX 76539

**3. TYPE OF EMPLOYMENT:** ☐ MILITARY  ☒ CIVILIAN
**4. DATE OF BIRTH:** 1-25-66
**5. MARITAL STATUS:** Married
**6. DATE AND DAY OF ACCIDENT:** 609 AM 21 OCT 15 Tues
**7. TIME (A.M. OR P.M.):** 609 AM

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On October 21, 2015, Mrs. Carpenter was traveling on North Ft. Hood Street war west of Range Road Clabber Creek when Private Scott Allen Gallupe failed to yield right of way while crossing the street and caused Mrs. Carpenter to collide with the side of an M1A2 Abrams tank, causing her severe personal injuries. Mrs. Carpenter was extracted from the scene and transported to Darnall Army Medical Center.

(See Attachments)

**9. PROPERTY DAMAGE**
**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, Street, City, State, and Zip Code).
Nolan Elsworth Carpenter, Jr.  10833 FM 269  Kempner, TX 76539

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side).
Blue Fiat, totaled on impact; See Attached.

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.
Comminuted fracture-dislocation of sacro coccygeal junction, contusions of abdominal wall, hematoma of the abdomen, laceration of lip, missing teeth, sprain of ligaments, bruising and abrasion of chest wall, and lumbar disc bulging. Muscle spasms, headaches, muscle pain. Coccyx surgically removed to treat symptoms of fracture.  (See Attachment)

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| 1. Brandy Johnson | 1. (254) 383-9731 |
| 2. Patrick Middleton | 2. Patricia St., Copperas Cove, TX 76522 - (254) 394-0127 |
| 3. Steve Gwirdy | 3. (254) 690-2673 |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $9,500.00 | $1,052,389.00 | $0.00 | $1,061,889.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT:** [signature]
**13b. PHONE NUMBER:** (254) 690-5688
**14. DATE OF SIGNATURE:** 4/4/17

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046
17131T044

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

RECEIVED [stamp]

EXHIBIT A

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

Consumers County Mutual Ins. Co
-29246
ExTraco Insurance
254-774-5763- DXK764          Policy# 9939748372221

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [ ] No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [X] No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**Department of Justice** §14.4

shall contact all other affected agencies in order to designate the single agency which will thereafter investigate and decide the merits of the claim. In the event that an agreed upon designation cannot be made by the affected agencies, the Department of Justice shall be consulted and will thereafter designate an agency to investigate and decide the merits of the claim. Once a determination has been made, the designated agency shall notify the claimant that all future correspondence concerning the claim shall be directed to that Federal agency. All involved Federal agencies may agree either to conduct their own administrative reviews and to coordinate the results or to have the investigations conducted by the designated Federal agency, but, in either event, the designated Federal agency will be responsible for the final determination of the claim.

(3) A claimant presenting a claim arising from an incident to more than one agency should identify each agency to which the claim is submitted at the time each claim is presented. Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. 2401(b). However, if a second involved Federal agency subsequently desires to take further action with a view towards settling the claim the second Federal agency may treat the matter as a request for reconsideration of the final denial under 28 CFR 14.9(b), unless suit has been filed in the interim, and so advise the claimant.

(4) If, after an agency final denial, the claimant files a claim arising out of the same incident with a different Federal agency, the new submission of the claim will not toll the requirement of 28 U.S.C. 2401(b) that suit must be filed within six months of the final denial by the first agency, unless the second agency specifically and explicitly treats the second submission as a request for reconsideration under 28 CFR 14.9(b) and so advises the claimant.

(c) A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

[Order No. 870-79, 45 FR 2650, Jan. 14, 1980, as amended by Order No. 960-81, 46 FR 52355, Oct. 27, 1981; Order No. 1179-87, 52 FR 7411, Mar. 11, 1987]

§ 14.3 Administrative claim; who may file.

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decendent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

[Order No. 371-66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 1179-87, 52 FR 7412, Mar. 11, 1987]

§ 14.4 Administrative claims; evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

269

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.

(5) Decedent's general physical and mental condition before death.

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership.

(2) A detailed statement of the amount claimed with respect to each item of property.

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.

(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.

(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

§ 14.5 Review by legal officers.

The authority to adjust, determine, compromise, and settle a claim under the provisions of section 2672 of title 28, United States Code, shall, if the amount of a proposed compromise, settlement, or award exceeds $5,000, be exercised by the head of an agency or his



DEPARTMENT OF THE ARMY
OFFICE OF THE STAFF JUDGE ADVOCATE
HEADQUARTERS, III CORPS AND FORT HOOD
1001 761ST TANK BATTALION AVENUE
FORT HOOD, TEXAS 76544-5000

RECEIVED
APR 1 9 2017
BY: ..............................

April 13, 2017

SUBJECT: Claim of Candy Kay Carpenter; Our Claim Number: 17-131-T044

Ted Smith Law Group, PLLC
ATTN: William F. Coats
660 West FM 2410
Harker Heights, Texas 76548

Dear Mr. Coats:

Your claim on behalf of your client, Candy Kay Carpenter, was received in this office on April 06, 2017. A copy of the claim, with the date-stamp from this office reflecting date of receipt, is attached. The Standard Form 95 you submitted reflects that you are filing for personal injury to your client which incurred on October 21, 2015 in the amount of $1,052,389.00 and property damage in the amount of $9,500.00. Receipt of your claim does not constitute acknowledgement that your claim is payable.

Your claim will be processed under the Federal Tort Claims Act (FTCA) (28 U.S.C. §§ 2671-2680). **However, in order to process your claim, we require proof of insurance and proof of title or registration for your client's vehicle. In addition, our office will need a copy of the retainer agreement between your firm and Ms. Carpenter. Please note that the FTCA limits attorney fees to 20 percent.** The FTCA contains a mandatory administrative investigation and settlement period of up to six months. Filing of an administrative claim tolls the statute of limitations indefinitely or until the Army takes final administrative action in writing on the claim. Final administrative action consists of a denial or final settlement offer.

After the agency has had the claim for six months and has failed to settle or deny it, you may file in Federal Court, provided the claim has been properly filed and adequately documented (28 U.S.C. §2675(a)). However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claim process. If you do not file suit, the statute of limitations will be tolled until you are notified in writing by certified mail of the final administrative action by the Army. Upon notice of denial, action must be taken within six months after the date of mailing or the action will be barred.

A copy of the Attorney General's Regulations, Administrative Claims under the Federal Tort Claims Act, is attached. You are required by 28 C.F.R. §14.4 to, if you have not already, provide the evidence listed in that section to support the claim. Refer to the Attorney General's Regulations for guidance on providing the documentation necessary to prove any damages you believe are the fault of the Government.



EXHIBIT B

    Your prompt and detailed assistance in this regard will assist this office in evaluating your claim in an expeditious manner. If you have any questions, please do not hesitate to contact Windy.M.Singer.civ@mail.mil or (254) 287-2899.

                                        Sincerely,

2 Encls
1. Claimant's SF 95
2. 28 C.F.R. §14.4

                                      Guybert J. Paul
                                      First Lieutenant, U.S. Army
                                      Chief, Claims Division

AMENDED.

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**
STAFF JUDGE ADVOCATE
IMSW-HOD-CL (CLAIMS)
1001 761ST TANK BATTALION AVENUE
FORT HOOD, TEXAS, 76544-5008

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**
Candy K. Carpenter
108. F.M. 2657
Kempner, TX 76539

**3. TYPE OF EMPLOYMENT:** [ ] MILITARY  [X] CIVILIAN
**4. DATE OF BIRTH:** 01/25/1966
**5. MARITAL STATUS:** Married
**6. DATE AND DAY OF ACCIDENT:** 10/21/2015 Tuesday
**7. TIME (A.M. OR P.M.):** 06:09 A.M.

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Ms. Carpenter was traveling northbound to work on West Range Rd. near Clabber Creek when Pvt. Scott Allen Gallupe failed to yield right of way while crossing and caused Mrs. Carpenter to collide with the side of an M1A2 Abrams Tank causing her severe personal injuries. Mrs. Carpenter was extracted from the scene and transported to Carl R. Darnell Army Medical Center. (investigation report provided under cover of original claim)

**9. PROPERTY DAMAGE**
**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, Street, City, State, and Zip Code)
Nolan Elseorth Carpenter Jr. 10833 FM 265 Kempner, TX 76539

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side)
Blue Fiat, totaled on impact. (attachments provided under cover of original claim)

**10. PERSONAL INJURY/WRONGFUL DEATH**
**STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.**

Combined fracture dislocation of coccygeal junction, contusions of abdominal wall, hematoma of the abdomen, laceration of lip, missing teeth, sprain of ligaments, bruising and abrasion of chest wall, lumbar disc bulging, muscle spasms, headaches and muscle pain. (attachments provided under cover of original claim)

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Brandy Johnson | (254) 389-9731 |
| Patrick Middleton | (254) 394-0127 Patricia Street, Coppers Cove, TX 76522 |
| Steve Girdy | (254) 690-2673 |

**12. AMOUNT OF CLAIM (in dollars)** (See instructions on reverse)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| 9,500.00 | 3,486,331.5 | 0.00 | 3,495,831.5 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side)
*Candy K. Carpenter* [signature]

**13b. PHONE NUMBER OF PERSON SIGNING FORM:** (254) 690-5688
**14. DATE OF SIGNATURE:** 9/26/18

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001).

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT C

| INSURANCE COVERAGE ||||
|---|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. ||||
| 15. Do you carry accident insurance? [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No ||||
| Consumers County Mutual Insurance Co.<br>Extraco Insurance (254) 774-5763; Policy No.:9939748372221 ||||
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? | [ ] Yes | [ ] No | 17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). ||||
| 19. Do you carry public liability and property damage insurance? [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [X] No ||||

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

OCT 2 9 2018

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Tort Claims Division
17-131-T044

Ted Smith Law Group
Attn: Bobby Coats
660 West FM 2410
Harker Heights, Texas  76548

Dear Mr. Coats:

    This notice constitutes final administrative action on the claim of your client, Candy Carpenter, against the United States in the total amount of $1,061,889 for personal injuries and property damage resulting allegedly from a motor vehicle accident involving a U.S. Government employee on October, 21, 2015.

    Your client's claim is denied. As suit has been already filed regarding this incident in the United States District Court for the Western District of Texas, all claims related to the event that serve as the basis of this suit are no longer amenable to administrative resolution.

    Recognizing the current status of this case, I am required by regulation to inform you that your client may file suit in an appropriate United States District Court no later than six months from the mailing date of this letter. By law, failure to comply with that time limit forever bars your client from further suit. I am not implying that any suit, if filed, would be successful.

                                       Sincerely,

                                       David O. Anglin
                                       Lieutenant Colonel, U.S. Army
                                       Chief, Tort Claims Division

NOV
SF



EXHIBIT D